IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JESSICA LYNNE HARNAR                                                                          PLAINTIFF

vs.                                              Civil No. 6:10-cv-06016

MICHAEL J. ASTRUE                                                                             DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Jessica Lynne Harnar ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed applications for DIB and SSI on May 23, 2007. (Tr. 83-89). In her applications, Plaintiff alleged she was disabled due to depression, severe anxiety, panic attacks, a herniated disc in her neck, and lower back problems. (Tr. 102). Plaintiff alleged an onset date of December 31, 2005. (Tr. 83, 87, 102). These applications were denied initially and again upon reconsideration. (Tr. 48-

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____." The transcript pages for this case are referenced by the designation "Tr."

1

51).  Thereafter, Plaintiff requested an administrative hearing on her applications, and this hearing request was granted.  (Tr. 65-72).  An administrative hearing was held on March 20, 2009 in Hot Springs, Arkansas.  (Tr. 19-47).  Plaintiff was present and was represented by counsel, James Street, at this hearing.  *Id.*  Plaintiff and Vocational Expert ("VE") David Elmore testified at this hearing.  *Id.*

On June 9, 2009, the ALJ entered an unfavorable decision denying Plaintiff's applications for SSI and DIB.  (Tr. 9-17).  In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2011.  (Tr. 11, Finding 1).  The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since December 31, 2005, her alleged onset date.  (Tr. 11, Finding 2).  The ALJ determined Plaintiff had the following severe impairments: obesity, degenerative disc disease, headaches, personality disorder, and depression.  (Tr. 11, Finding 3).  The ALJ also determined none of Plaintiff's impairments, singularly or in combination, met the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 11-12, Finding 4).

The ALJ determined Plaintiff was born on June 1, 1979 and was twenty-six (26) years old on her alleged onset date.  (Tr. 16, Finding 7).  At this age, Plaintiff was categorized as a "younger person" under 20 C.F.R. § 404.1563(c) (2008).  *Id.*  Plaintiff also had at least a high school education and was able to communicate in English.  (Tr. 16, Finding 8).  In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC.  (Tr. 16-17, Finding 10).  First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds the claimant has residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she is limited to occasionally climbing, balancing, stooping, kneeling, crouching, and crawling.  Further, she must avoid concentrated exposure to temperature extremes and work from unprotected heights and moving machinery.  Non-exertionally, she is able to perform work where interpersonal contact is routine but superficial; complexity of tasks is learned by experience and may involve several variables; judgment is within limits; and little supervision is required for routine tasks with detailed supervision required for non-routine tasks.

(Tr. 13-15, Finding 5).

The ALJ evaluated Plaintiff's PRW ("PRW").  (Tr. 15-16, Finding 6).  The ALJ determined Plaintiff's PRW included work as a fast food worker (light, unskilled), grocery checker (light, low semi-skilled); video store clerk (light, skilled); waitress (light, low semi-skilled); and housekeeper (medium, unskilled).  *Id.*  Based upon her RFC, the ALJ determined Plaintiff was unable to perform her PRW.  *Id.*  The ALJ also determined, however, that there was other work Plaintiff could perform in the national economy, considering her age, education, work experience, and RFC.  (Tr. 16-17, Finding 10).  The ALJ based this finding upon the testimony of the VE.  *Id.*

The VE testified, considering all Plaintiff's vocational factors, a hypothetical person would be able to perform the requirements of representative occupations such as bookkeeper or accounting clerk with approximately 3,100 such jobs in the state and 340,000 such jobs in the nation and billing or posting clerk with approximately 1,600 such jobs in the state and 220,000 such jobs in the nation.  (Tr. 16).  Based upon this testimony, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from December 31, 2005, her alleged onset date, through June 9, 2009, the ALJ's decision date.  (Tr. 17, Finding 11).

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 4).  *See* 20 C.F.R. § 404.968.  On January 25, 2010, the Appeals Council declined to review this

unfavorable decision. (Tr. 1-3). On March 4, 2010, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on March 15, 2010. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 10-11. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her

disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 10. Specifically, Plaintiff claims (A) the ALJ improperly discounted her subjective complaints of disabling pain and (B) the ALJ improperly evaluated her RFC. *Id.* In response, Defendant claims the ALJ properly discounted Plaintiff's subjective complaints. ECF No. 11. Defendant also claims the ALJ properly assessed her RFC. *Id.* This Court will address both

Plaintiff's arguments for reversal.[2]

### A. Credibility Determination

Plaintiff claims the ALJ erred in assessing her credibility. ECF No. 10 at 17-20. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.*

The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471

---

[2] Plaintiff also references the listings throughout her briefing and appears to claim she meets the requirements of several of those listings. ECF No. 10. Plaintiff has, however, not provided any substantive briefing outlining how she meets the requirements of any one of the listings. *Id.* Plaintiff has the burden of establishing she meets the requirements of any one of the listings. *See Gonzales v. Barnhart,* 465 F.3d 890, 894 (8th Cir. 2006) (finding the claimant bears the burden of establishing his or her impairment meets or equals the requirements of a listed impairment). Because Plaintiff has provided no substantive briefing on this issue, this Court finds Plaintiff has not met that burden, and Plaintiff's claims should be summarily dismissed. *See Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (summarily rejecting conclusory assertions that the ALJ failed to consider whether claimant met certain listings).

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ performed a full and complete *Polaski* analysis and properly evaluated, considered, and discounted Plaintiff's subjective complaints. (Tr. 14-15). Indeed, in his opinion, the ALJ in this action considered the *Polaski* factors and then gave "good reasons" for discounting Plaintiff's subjective complaints. *Id.* These "good reasons" include the following: (1) there was no evidence any health care provider had restricted Plaintiff from all work activities; (2) Plaintiff's physician encouraged her to participate in an exercise program despite her allegations of pain; (3) the testimony revealed Plaintiff reportedly had two herniated discs within the cervical region but her medical records do not support that claim; and (4) Plaintiff was able to perform a wide range of daily activities despite her allegation of disabling pain. (Tr. 15). Because the ALJ gave "good reasons" for his credibility determination, that determination is entitled to deference. *See Gregg v. Barnhart,* 354 F.3d 710, 714 (8th Cir. 2003) (holding that "[i]f an ALJ explicitly discredits the claimant's testimony and gives good reason for doing so, we will normally defer to the ALJ's

credibility determination").

    **B.**    **RFC Determination**

Plaintiff claims the ALJ erred by finding she retained the RFC for a wide range of sedentary work. ECF No. 10. A claimant's RFC is what he or she can do despite his or her limitations. 20 C.F.R. § 404.1545. The ALJ has the responsibility to determine a claimant's RFC based upon all relevant evidence, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations. *See Tellez v. Barnhart,* 403 F.3d 953, 957 (8th Cir. 2005). The claimant, however, has the burden to prove his or her RFC. *See Baldwin v. Barnhart,* 349 F.3d 549, 556 (8th Cir. 2003).

In the present action, in support of her claim that she was unable to perform a wide range of sedentary work, Plaintiff relies upon medical records that were not included in the administrative transcript.[4] ECF No. 10. As an initial matter, pursuant to 42 U.S.C. § 405(g), this Court cannot consider any documents outside the administrative record. 42 U.S.C. § 405(g) (stating the court can only enter a judgment based "upon the pleadings and transcript of the record"). This Court does, however, have the power to remand a case such that additional evidence can be taken at the administrative level "but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." *Id.* Further, for evidence to be "new," it cannot be merely cumulative of what is already in the record. *See Jones v. Callahan,* 122 F.3d 1148, 1154 (8th Cir. 1997). For the evidence to be "material," it must be relevant and probative. *See Krogmeier v. Barnhart,* 294 F.3d 1019, 1025 (8th Cir. 2002).

If the Court assumes there is new evidence and there was good cause not to include such new

---

[4] Plaintiff attached these documents as an exhibit to her appeal brief. ECF No. 10-1.

evidence in the administrative record, such evidence must still be material. For the evidence to be "material," it must be relevant and probative. As noted above, Plaintiff alleged an onset date of December 31, 2005. (Tr. 83, 87, 102). Prior to that date, Plaintiff represented she was able to work even with her limitations.[5] (Tr. 102). The medical records which Plaintiff claims were omitted from the administrative transcript date from April of 1998 through May of 2004. ECF No. 10-1. The most recent of these documents is dated over a year before Plaintiff's alleged onset date. Plaintiff has provided no authority which would require the ALJ to develop the record during that time period. Plaintiff has offered no showing that this "new" evidence is "material," therefore, the Court finds no basis for reversing and remanding this case for further development of the record.

Further, Plaintiff argues the medical records that are included in the transcript support her allegation that she suffers from disabling pain. Specifically, Plaintiff references an emergency room record dated March 12, 2007 wherein she was diagnosed as having "chronic neck pain." (Tr. 152). This single record, however, does not establish that Plaintiff has a disability due to chronic neck pain. Further, Plaintiff appears to claim her obesity is also disabling. ECF No. 10 at 3, 6. It does not appear Plaintiff alleged her obesity was disabling in either her application or at the administrative hearing in this matter. (Tr. 23, 102). Thus, the ALJ was under no obligation to investigate whether her now-alleged obesity was disabling. *See Pena v. Chater,* 76 F.3d 906, 909 (8th Cir. 1996) (holding that "the administrative law judge is under no 'obligation to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability.'" (*quoting Brockman v. Sullivan,* 987 F.2d 1344, 1348 (8th Cir. 1993))). Further, even if Plaintiff had raised this issue, she

---

[5] Indeed, Plaintiff stated in her application that she actually stopped working nearly a year after her alleged onset date. (Tr. 102). Notably, Plaintiff does not claim she stopped working because she was disabled. *Id.* Instead, Plaintiff claims she stopped working because she did not like her boss: "I quit because my boss was very hard to get along with. I could not handle her attitude. She constantly berated me." *Id.*

has offered no evidence that her obesity causes her to have any functional limitations. Therefore, this Court finds Plaintiff has not met her burden of establishing her RFC is limited beyond that found by the ALJ.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.[6]

**ENTERED this 16th day of February, 2011.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[6] As a final note, Plaintiff appears to argue that this case must be reversed and remanded because the ALJ improperly relied upon the Medical-Vocational Guidelines ("Grids") instead of the testimony of the VE. ECF No. 10. The ALJ, however, did rely upon the testimony of the VE and not the Grids. (Tr. 16-17). Thus, this Court finds Plaintiff's argument is entirely without merit.